UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY, Individually     CASE NO.: 6:17-cv-02157-ACC-TBS

    Plaintiff,

v.

SCHLING LLC, and ORDER UP II, INC., d/b/a
HUNGRY HOWIES

    Defendants.
_____/

**<u>DEFENDANT'S, SCHLING, LLC, MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR LACK OF JURISDICTION DUE TO PLAINTIFF'S LACK OF STANDING AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, SCHLING, LLC (hereinafter "Defendant" or "SCHLING"), by and through its undersigned counsel, hereby files this Motion to Dismiss Plaintiff's, PATRICIA KENNEDY ("Plaintiff" or "KENNEDY"), Complaint with Prejudice for Lack of Jurisdiction Due to Plaintiff's Lack of Standing and Incorporated Memorandum of Law, in response to Plaintiff's Complaint (Doc. 1) and in support thereof, states as follows:

**<u>INTRODUCTION</u>**

Defendant moves to dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff's Complaint in this matter was filed on December 18, 2017, approximately one month after Plaintiff voluntarily dismissed her appeal in a functionally identical case against SCHLING. In the previous case[1], the Court dismissed Plaintiff's First, Second, and Third Amended Complaint for a lack of standing. The Third Amended Complaint was dismissed with prejudice on November 14, 2017. KENNEDY

---

[1] *Patricia Kennedy v. SCHLING, LLC*, Case No. 6:17-cv-74-ORL-22TBS

{045335-001 : TLEEK/DRFTMSC : 02226167.DOC; 1}     1

immediately filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit on November 15, 2017, but then voluntarily dismissed her appeal several weeks later.

As with her complaints in the previous case, Plaintiff has failed to demonstrate a concrete and particularized threat of future injury. As such, her Complaint must be dismissed as a matter of law. Plaintiff's Complaint provides no reason for her traveling more than 200 miles to Volusia County to visit a pizza restaurant located in a nondescript shopping plaza In the previous case, the Court specifically noted that Plaintiff's visits to the shopping plaza were isolated and infrequent and that Plaintiff lacked any connection to the Property, such as family or friends located nearby. (6:17-cv-00074-ACC-TBS, Doc. 35).

## ALLEGATIONS

Plaintiff alleges violations of the Americans with Disabilities Act at a shopping plaza owned by Defendant and located at 201 S. Ridgewood Avenue, Edgewater, Volusia County, Florida 32132 (the "Plaza"). Co-Defendant ORDER UP II, INC. operates a pizza restaurant at the Plaza, which Plaintiff allegedly attempted to patronize. Plaintiff KENNEDY states that she is a Florida Resident and lives in Broward County, Florida. (Doc. 1, ¶1. Broward County is located approximately 230 miles from the Plaza.

Plaintiff states that she has visited the Plaza on six separate occasions. (Doc. 1, ¶9). It is unclear when Plaintiff visited the Plaza and Defendant notes that Plaintiff had alleged visiting the Plaza on six separate occasions in her responses to Defendant's motions to dismiss in the previous case. (6:17-cv-00074-ACC-TBS, Doc. 45 p. 3). Plaintiff alleges that she will be return to the property in the next few months when she will be in the area visiting acquaintances, and will avail herself of the goods and services along with determining whether the Plaza is ADA compliant. (Doc. 1, ¶9).

## ANALYSIS

**Plaintiff's Complaint Must be Dismissed for Lack of Subject Matter Jurisdiction Due to Lack of Standing**

To establish standing under article III of the Constitution, a plaintiff must allege the following: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F. 3d 1323, 1328 (11th Cir. 2013). As Plaintiff is seeking prospective, injunctive relief under the ADA, Plaintiff must demonstrate a sufficient likelihood that she will be affected by the allegedly unlawful conduct in the future." *Id.* This requires a showing of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.

Plaintiff is unable to satisfy the third element, namely that her injury "will be redressed by a favorable decision." *See Houston*, 733 F.3d at 1328. Plaintiff has failed to allege facts "giving rise to a plausible inference that [s]he will suffer discrimination by the defendant in the future." *Hoewischer*, 877 F. Supp. 2d at 1222. In analyzing the likelihood of future injury, courts consider the following four factors: "the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) plaintiff's frequency of travel near the defendant. *Id.* at 1222-23 (citing *Fox v. Morris Jupiter Assocs.*, N. 05-806890CIV, 2007 WL 2819522 at *4 (S.D. Fla. 2017)).

With respect to the aforementioned four-factor test, all of the factors weigh against a finding that there is a likelihood of future injury to Plaintiff. As to the first factor, Plaintiff's residence is approximately 230 miles away from the Plaza, therefore the likelihood of future injury is significantly lessened based on this distance. *See Kennedy v. Beachside Commercial Properties, LLC.*, No. 6:17-CV- 1047-ORL-37GJK, 2017 WL 4243584, at *2 (M.D. Fla. Sept.

25, 2017) (holding that the likelihood of future injury was lessened because the Plaintiff's home was located 174 miles away from the defendants' business) (citing *Houston*, 733 F.3d at 1337)); *Alvey v. Gualtieri*, No. 8:15- CV-1861-T-33AEP, 2016 WL 6087874, at *1 (M.D. Fla. Oct. 18, 2016) ("Alvey's current residence, in different county seventy-five miles away from Safe Harbor, reduces the likelihood of a "real and immediate" threat of future injury.") (citations omitted); *Lamb v. Charlotte Cty.*, 429 F. Supp. 2d 1302, 1309 (M.D. Fla. 2006) (finding that plaintiff alleging violations of Title 11 of the ADA could not establish standing for injunctive relief where he lived seventy-five miles away from the library and community center at issue).

With respect to the second factor, Plaintiff should not be permitted to establish standing by using past visits to the Plaza which were conducted for the purpose of obtaining standing in the previous case. While standing is determined at the date suit is filed, Plaintiff is attempting to use her past failed attempt to establish standing as grounds for why she has standing in the instant matter. The Court previously noted that Plaintiff's visits occurred after the filing of the first motion to dismiss in the previous case, and appeared to be an attempt by Plaintiff to avoid the granting of a motion to dismiss. (6:17-cv-00074-ACC-TBS, Doc. 45 p. 7).

The third factor also does not weigh in Plaintiff's favor as she has failed to demonstrate a concrete and specific plan to return to the plaza in the future. Plaintiff has also failed to allege a concrete and specific future plan for visiting a particular business within the Plaza. In the previous case the Court specifically stated, "Plaintiff's intent to visit acquaintances in the area on her next proposed trip to the Plaza falls short." (6:17-cv-00074-ACC-TBS, Doc. 45 p. 9). Plaintiff has failed to provide a reason why she would travel over 200 miles from her home to return to the Plaza or the pizza restaurant located therein, which would give rise to a finding of standing.

This case is easily distinguishable from *Houston*. In Houston, the Eleventh Circuit found that plaintiff had a concrete and realistic plan to return to a supermarket less than an hour from his home because he passed the supermarket on the way to and from his lawyer's office. *Houston,* 733 F.3d at 1336 (11th Cir. 2013). In addition, the supermarket was located less than two miles from the lawyer's office. *Id.* The Eleventh Circuit noted that different facts could lead to a different conclusion and emphasized that the plaintiff "did not live hundreds of miles away from the store with no particular reason to return." *Id.* The hypothetical warned of by the Eleventh Circuit is exactly the factual situation presented in the instant matter. Plaintiff lives hundreds of miles from the Plaza and has no particular reason to return. A desire to return and "avail herself" of goods and services to assure compliance with the ADA is insufficient to constitute a concrete and realistic plan to return. *See Bowman v. G.F.C.H. Enters., Inc.,* No.14-22651-Civ, 2014 WL 5341883, at *3 (S.D. Fla. Oct. 20, 2014). Moreover, Plaintiff alleges that she plans to return to visit acquaintances, but fails to describe the proximity of said acquaintances to the Plaza. Plaintiff lacks the required connection to the property, which is necessary to satisfy the elements for standing. *Id.*

The last factor, plaintiff's frequency of travel near the defendant, also does not weigh in Plaintiff's favor. Plaintiff states she has visited the Plaza six times, the same number of visits which she alleged in her previous case, which the Court dismissed with prejudice. Plaintiff has failed to allege facts that demonstrate a frequency of travel near the Plaza which would support a holding that Plaintiff has standing to bring the instant claims.

To survive a motion to dismiss, Plaintiff must allege a concrete and specific plan to return. Plaintiff has failed to articulate any reasons why she plans to return to a Plaza or pizza restaurant which would give rise to standing. She has not described any circumstances personal

to her which will bring her in frequent close proximity with the Plaza. As Plaintiff has not established a threat of future injury required for Article III standing, her Complaint must be dismissed as a matter of law.

WHEREFORE, Defendant, SCHLING, LLC, respectfully requests that the Court dismiss Plaintiff's, PATRICIA KENNEDY, Third Amended Complaint with prejudice, and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he has conferred in good faith with counsel for Plaintiff, PATRICIA KENNEDY, in an effort to resolve the issues presented by this motion, but counsel were unable to reach an agreement.



By: /s/ Thomas J. Leek
THOMAS J. LEEK
FLA. BAR NO. 116408
Primary E-mail:
Thomas.Leek@cobbcole.com
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 323-9210
Facsimile: (386) 944-7954
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed this 23rd day of January 2018, with the CM/ECF system:

Philip Michael Cullen, III, Esq.
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301

Email: cullen@thomasbaconlaw.com

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North McDonald St.
Mt. Dora, FL 32727
Email: tbb@thomasbaconlaw.com

/s/ Thomas J. Leek
Attorney