# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA KENNEDY,**

       **Plaintiff,**

**v.**                                                  **Case No:   6:17-cv-2157-Orl-22TBS**

**SCHLING LLC and ORDER UP II,**
**INC.,**

       **Defendants.**

_____

## ORDER

This cause comes before the Court on Defendants Schling, LLC's and Order Up II, Inc.'s, (collectively the "Defendants"), Motion to Dismiss Plaintiff Patricia Kennedy's Complaint.[1] (Doc. 9). Plaintiff responded in opposition (Doc. 16.), and the motion is now ripe for review. For the foregoing reasons, the Court will **DENY** the Defendants' motion.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff Patricia Kennedy brings this lawsuit against Defendants for violations of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), seeking a declaratory judgment, injunctive relief, attorney's fees, litigation expenses, and costs. (Doc. 1.) The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiff, a wheelchair-bound individual, qualifies as an individual with a disability as defined by the ADA. (Doc. 1 ¶ 1.) Plaintiff is also "a 'tester' for the purpose of asserting civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." (*Id.* ¶¶ 10, 26.) Plaintiff resides in Broward County, Florida. (*Id.* ¶ 1.)

---

[1] Defendant Schling, LLC initially filed this motion on its own behalf. On January 30, 2018, Defendant Order Up II, Inc. joined and adopted this motion. (Doc. 11.)

Defendant Schling, LLC "owns, leases, leases to, or operates a place of public accommodation as defined by the ADA." (*Id.* ¶ 2.) The place of accommodation is a shopping plaza, (the "Plaza"), located in Volusia County, Florida. (*Id.*) Order Up II, Inc. "owns, leases, leases to, or operates" a restaurant known as "Hungry Howie's" located in the Plaza. (*Id.* ¶ 3.) Hungry Howie's is also a "place of public accommodation as defined by the ADA." (*Id.*) Schling, LLC is the landlord of the Plaza and Order Up II, Inc. is a tenant. (Doc. 16 at 1.)[2] Therefore, Plaintiff asserts that Defendants are jointly and severally liable for all violations related to the Hungry Howie's. (Doc. 1 ¶ 3.)[3]

On or about November 22, 2016, while visiting the Plaza, Plaintiff encountered a number of ADA violations, including failure to provide readily accessible goods and services, failure to maintain features so that they are readily accessible, failure to provide ADA compliant parking and access, maintenance of non-compliant restrooms and doorways, and maintenance of inaccessible transaction counters. (Doc. 16-1 ¶ 5.) Plaintiff returned to the Plaza five additional times: March 15, 2017; March 28, 2017; April 9, 2017; June 14, 2017, and January 4, 2018. (*Id.* ¶ 11.) During these visits, Plaintiff also visited the Hungry Howie's. (*Id.* ¶ 8.) Plaintiff noted similar ADA violations in the Hungry Howie's, such as the maintenance of non-compliant restrooms and doorways, and maintenance of inaccessible transaction counters. (*Id.*) Although Defendants assert that Plaintiff resides 230 miles away from the Plaza (Doc. 9 at 3), Plaintiff submitted in affidavit in which she states that she frequently travels throughout Florida, including Volusia County. (Doc. 16-1 ¶ 10.) Plaintiff avers that from November 13, 2016 to February 25, 2018, she has visited

---

[2]Although the parties' landlord-tenant relationship is not explicitly stated in the Complaint, Plaintiff revealed this to the Court in the previous litigation between the parties. *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 (M.D. Fla. Apr. 21, 2017) (Doc. 33 at 2).

[3]*Kennedy v. Skyview Plaza, LLC*, No. 6:16-CV-2128-ORL-22KRS, 2017 WL 603001, at *3 (M.D. Fla. Jan. 26, 2017) )("Plaintiff is correct that landlords and tenants are jointly liable for Title III ADA violations") (citing *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015)), *report and recommendation adopted*, No. 6:16-CV-2128-ORL-22KRS, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017).

Volusia County on at least forty-eight separate occasions.[4] (*Id*.)When Plaintiff visits Volusia County, she stays in local hotels, eats at local restaurants, and shops in local stores. (*Id*.) Plaintiff expects to return with the same frequency in the near future. (*Id*.) Plaintiff "plans to return to the restaurant in the near future, specifically within the next few months, when she will be in the area visiting acquaintances, availing herself of the goods and services offered to the public at the restaurant, and determining whether the property has been made ADA compliant." (Doc. 1 ¶ 25.)

## B. PROCEDURAL BACKGROUND

### 1. *The Previous Case*

This case marks the next chapter in the saga between the parties. They first appeared before this Court in the previous case of *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 (M.D. Fla. Nov. 14, 2017). In that case, Plaintiff attempted to sue the present Defendants along with another tenant and a party whose relationship to the case was unknown. On May 11, 2017, the Court dismissed Plaintiff's First Amended Complaint because Plaintiff sued the landlord Schling, LLC and multiple tenants in a single lawsuit and lacked standing. (*Id*. at Doc. 35.) The Court found that joining multiple tenants in one action was inefficient and likely prejudicial because individual tenants are not jointly liable for one another's ADA violations. (*Id*. at Doc. 35. at 5.) The Court also found that Plaintiff's vague Amended Complaint was due to be dismissed because it could not be determined which Plaza tenants were being sued for which ADA violations. (*Id*.) The Court terminated Order Up II, Inc. from that case and granted Plaintiff leave to file a separate action jointly against Schling, LLC and Order Up II, Inc. or individually against Schling, LLC for the violations pertaining to the Hungry Howie's by May 29, 2017. (*Id*. at Doc. 35 ¶¶ 4–5.) The Court also directed Plaintiff to file a separate lawsuit against Schling, LLC as the

---

[4]In the previous case, Plaintiff did not state that she visited Volusia at least forty-eight times and provided only five dates for five separate visits to Volusia. *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 (M.D. Fla. June 27, 2017) (Doc. 39-1 ¶ 5).

landlord if she intended to assert claims against Schling, LLC individually, such as for parking violations. (*Id.* at Doc. 35 at 2.) Plaintiff proceeded in that case only against Schling, LLC for identical violations as the ones in the present case: failure to provide ADA compliant parking and access, maintenance of non-compliant restrooms and doorways, and maintenance of inaccessible transaction counters. (*Id.* at Doc. 42.)

On May 25, 2017, Plaintiff filed her Second Amended Complaint only against Schling, LLC. (*Id.* at Doc. 36.) On July 18, 2017, the Court again dismissed Plaintiff's operative complaint for lack of standing. (*Id.* at Doc. 41.) Once again, the Court granted Plaintiff leave to amend, specifically to "allege a concrete and specific future plan for visiting a particular business within the Plaza." (*Id.* at Doc. 41 at 1) (citation and internal quotation marks omitted). The Court cautioned Plaintiff that this would be her final opportunity to amend. (*Id.* at Doc. 41 at 2.) On July 24, 2017, Plaintiff filed her Third Amended Complaint. (*Id.* at Doc. 42.) On November 16, 2017, the Court again dismissed her operative complaint for lack of standing and this time with prejudice (*Id.* at Doc. 45.) The next day, Plaintiff filed a Notice of Appeal. (*Id.* at Doc. 46.) On December 7, 2017, Plaintiff voluntarily dismissed her appeal. (*Id.* at Doc. 48.)

### 2.   *The Present Case*

On, December 18, 2017, Plaintiff filed her Complaint in the instant case against the present Defendants, almost seven months after the Court's May 29, 2017 deadline in the previous case.[5] (Doc. 1.) On January 23, 2018, Defendants moved to dismiss the Complaint based on lack of standing. (Doc. 9.) On February 15, 2018, Plaintiff responded in opposition. (Doc. 16.)

---

[5]The Court recognizes this clear violation of its Order. *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 at Doc. 35 ¶ 5. However, as master of its docket, the Court will allow this case to proceed because the four year statute of limitations has not run since Plaintiff first noticed the violations in November 22, 2016, and Defendants have not argued that they are prejudiced by Plaintiff's delay. *See Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017) (finding that the statute of limitations for an ADA claim for violations in Florida is four years) (citations omitted).

The Court is concerned about some of the alleged violations that Plaintiff attributes to Schling, LLC. Per the Court's Order in the previous case, the present case should be limited to only violations in the Hungry Howie's. *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 (M.D. Fla. May 11, 2017) (Doc. 35). The Complaint is divided into two counts: Count I against Schling, LLC and Count II against Order Up, Inc. (Doc. 1.) Ideally, the violations alleged against the Defendants should be identical as they both should stem from the Hungry Howie's but they are not. In Count I, Plaintiff alleges violations in the Plaza without specifying if these violations are in the Hungry Howie's. (*Id.* ¶ 11.) The violations listed are identical to those in the previous case: failure to provide ADA compliant parking and access, maintenance of non-compliant restrooms and doorways, and maintenance of inaccessible transaction counters. (*Id.*) In Count II against Order Up II, Inc., Plaintiff lists specific violations found in the Hungry Howie's: non-compliant restrooms and an inaccessible transaction counter. (*Id.* ¶ 27.) The Court reminds Plaintiff that the scope of this case should be limited to violations in the Hungry Howie's and that its previous case with the identical list as the one presented here in Count I was dismissed with prejudice. The present case will not serve as the avenue for Plaintiff to re-litigate the previous case. Notably, Plaintiff appealed that case and voluntarily dismissed that appeal.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1) motions to dismiss "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). When considering a facial attack on subject matter jurisdiction, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Attacks on the factual underpinning of jurisdiction, on the other hand, may allow a court to "consider extrinsic evidence such as deposition

testimony and affidavits." *Carmichael*, 572 F.3d at 1279. With factual attacks, "the burden is on

the plaintiff to prove that jurisdiction exists." *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1135

(S.D. Fla. 2012) (quoting *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)).

The issue of standing "directly implicates federal subject matter jurisdiction." *Focus on the*

*Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1272 (11th Cir. 2003). "Standing is a

threshold jurisdictional question which must be addressed prior to and independent of the merits

of the parties' claims." *Bowman v. G.F.C.H. Enters.,Inc.*, No.14-22651-Civ, 2014 WL 5341883,

at *1 (S.D. Fla. Oct. 20, 2014). Standing must be determined at the time the complaint is filed.

*Focus on the Family*, 344 F.3d at 1272.

### III. DISCUSSION

Defendants challenge Plaintiff's standing to sue based on her Complaint. (Doc. 9.) In her

Response, Plaintiff cites to an affidavit describing her visits to Volusia County, the Plaza, and the

Hungry Howie's (Doc.16-1.)In the affidavit Plaintiff also describes her intent to return those

places. *Id.* Since this evidence is extrinsic to the pleadings, the Court construes Defendants'

challenge as a factual attack, and is therefore not bound to weigh Plaintiff's allegations in her

Complaint in the light most favorable to her. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d

1323, 1335–36 (11th Cir. 2013) (construing a 12(b)(1) challenge as factual because the parties

submitted evidence outside of the complaint).

To establish standing under Article III of the Constitution, a plaintiff must allege the

following: "(1) 'injury-in-fact'; (2) 'a casual connection between the asserted injury-in-fact and

the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable

decision.'" *Houston,* 733 F.3d at 1328.   The Court finds that Plaintiff has met all three standing

requirements.

Here, Defendants argue that Plaintiff has failed to allege facts "giving rise to a plausible inference that [s]he will suffer discrimination by the defendant[s] in the future" and therefore Plaintiff fails to establish redressability. (Doc. 9 at 3) (quoting *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012). Since there has been a split among district courts in the Eleventh Circuit as to whether threat of future harm relates to redressability or injury-in-fact, Defendants understandably mischaracterize Plaintiff's alleged failure to show threat of future harm as relating to redressability. *See, e.g.*, *Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119 (M.D. Fla. Nov. 14, 2017) (Conway, J.) (analyzing whether plaintiff adequately had shown whether she will suffer future discrimination by the defendant under redressability); *Kennedy v. Beachside Commercial Properties, LLC.*, No. 6:17-CV-1047-ORL-37GJK, 2017 WL 4243584, at *2 (M.D. Fla. Sept. 25, 2017) (Dalton, J.) (following the same approach), *aff'd*, No. 17-14356, 2018 WL 2024672 (11th Cir. May 1, 2018); *Bowman v. G.F.C.H. Enterprises, Inc.,* No. 14-22651-CIV, 2014 WL 5341883 (S.D. Fla. Oct. 20, 2014) (Moreno, J.) (determining whether plaintiff adequately had shown whether she will suffer future discrimination by the defendant under injury-in-fact). However, as the Eleventh Circuit recently clarified in *Kennedy v. Beachside Commercial Properties, LLC.*, No. 17-14356, 2018 WL 2024672, at *2 n.2 (11th Cir. May 1, 2018)[6,7], "the analysis of the threat of future harm speaks to the question of an injury-in-fact and not redressability." (citing *Houston*, 733 F.3d at 1328 and *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 832 (11th Cir. 2017)). While the district court applied threat of future harm to redressability, the Eleventh Circuit affirmed the district court's dismissal of Plaintiff's complaint based on lack of standing and stated, "[t]his minor error in nomenclature, however, is hardly a reason to overturn the district court's well-reasoned analysis." *Kennedy v. Beachside*

---

[6]Unpublished opinions of the Eleventh Circuit constitute persuasive, not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[7]This is another case involving Plaintiff.

*Commercial Properties, LLC.*, No. 17-14356, 2018 WL 2024672, at *2 n.2. Therefore, the Court will analyze Defendants' threat of future harm arguments under injury-in-fact instead of redressability.

Since Plaintiff is seeking prospective, injunctive relief under the ADA, injury-in-fact requires a "sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Houston,* 733 F.3d at 1328. This requires a showing of "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Id.* at 1329. "Thus, to have standing, Plaintiff [Kennedy] must show past injury and a real and immediate threat of future injury." *Kennedy v. Beachside Commercial Properties, LLC.*, No. 17-14356, 2018 WL 2024672, at *2 n.2. (alternation in original) (citation and internal quotation marks omitted). Here, Plaintiff has shown a past injury-in-fact because her right to travel has been infringed, she has been humiliated and isolated, she has been deprived of the equal enjoyment of Defendants' goods and services, and she is deterred from returning to the Hungry Howie's because of discriminatory barriers. (Doc. 1 ¶ 31.) *See Hoewischer*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012). However, the central issue is whether Plaintiff has shown threat of future injury.   The Court finds that Plaintiff has shown threat of future injury.

In analyzing the likelihood of future injury, courts consider the following four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Id.* at 1222–23 (citing *Fox v. Morris Jupiter Assocs.*, No. 05–80689–CIV, 2007 WL 2819522, at *4 (S.D. Fla. 2007)).[8] However, the Eleventh Circuit has

---

[8]In Plaintiff's Response, she attacks the Defendants' reliance on this four-factor test, especially the proximity and definitiveness of plaintiff's plan to return factors. (Doc. 16.)   However, the Eleventh Circuit approved and applied the four-factor test in *Houston* with the caveats that the factors are not exhaustive and district courts are required to apply a "totality of the facts" standard. *Houston*, 733 F.3d at 1337 n.6; *see Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 832 (11th Cir. 2017) ("In the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and *the definitiveness of the plaintiff's plan to return*.") (emphasis added)

stated that "these factors are not exclusive" and directed district courts "to consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Houston,* 733 F.3d at 1343 n.6

The first factor does not weigh in Plaintiff's favor. Plaintiff's residence is approximately 230 miles away from the Hungry Howie's, therefore the likelihood of future injury is significantly lessened based on this distance. *See Kennedy v. Schling LLC,* No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119, at *3 (holding that the likelihood of future injury was lessened because the Plaintiff's home was located 230 miles away from the Plaza) (citing *Houston,*733 F.3d at 1337)); *Kennedy v. Beachside Commercial Properties, LLC.*, No. 6:17-CV-1047-ORL-37GJK, 2017 WL 4243584, at *2 (holding that the likelihood of future injury was lessened because the Plaintiff's home was located 174 miles away from the defendants' business), *aff'd*, No. 17-14356, 2018 WL 2024672 (11th Cir. May 1, 2018); *Alvey v. Gualtieri*, No. 8:15-CV-1861-T-33AEP, 2016 WL 6087874, at *1 (M.D. Fla. Oct. 18, 2016) ("Alvey's current residence, in a different county seventy-five miles away from Safe Harbor, reduces the likelihood of a "real and immediate" threat of future injury.") (citations omitted).

As for the second factor, Plaintiff's past patronage of the Hungry Howie's weighs in her favor. In Plaintiff's Complaint, she alleges that she visited the Hungry Howie's on at least five separate occasions. (Doc. 1 ¶ 25.) In her affidavit, Plaintiff provides dates for these visits: November 22, 2016; March 14, 2017; March 28, 2017; April 9, 2017; June 14, 2017; and January 4, 2018. (Doc. 16-1 ¶¶ 8, 11.) Defendants argue that "Plaintiff should not be permitted to establish standing by using past visits to the Plaza which were conducted for the purpose of obtaining

---

(citation omitted); *Kennedy v. New Smyrna ACD LLC,* No. 6:17-CV-89-ORL-40TBS, 2017 WL 6560000, at *3 n.1 (M.D. Fla. Dec. 22, 2017) (rejecting Kennedy's argument that the four-factor test is a departure from *Houston*).

standing in the previous case." (Doc. 9 at 4.) "Standing is determined at the time the plaintiff's complaint is filed." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1340 (11th Cir. 2014) (citing *Focus on the Family*, 344 F.3d at 1275). In the present action, Plaintiff filed her Complaint on December 18, 2017. (Doc. 1.) All the dates provided by Plaintiff for her visits to the Hungry Howie's are prior to the Complaint's filing date except for January 4, 2018. Since January 4, 2018 is after the Complaint's filing, it cannot be used to establish standing. *See Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1371 (M.D. Fla. 2004) (holding that ADA plaintiff's post-complaint actions were immaterial in regards to standing) (citations omitted); *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, No. 6:07-CV-1091-ORL-19GJK, 2009 WL 320855, at *8 (M.D. Fla. Feb. 9, 2009) ("[W]hether a plaintiff has standing is determined by the facts in existence at the time the plaintiff files his or her complaint; consequently, standing can neither be created nor destroyed by developments during litigation.") (citation omitted). However, despite discounting this visit, Plaintiff has still visited the Hungry Howie's five times before the Complaint in this present action was filed. Defendants point out how these visits did not count for standing purposes in the previous case. However, in the previous case, all of the visits except for one, the November 22, 2016 visit, were after the complaint had been filed. In the instant case, five visits occurred before the filing of the Complaint. Therefore, these five pre-Complaint visits are sufficient for this factor to weigh in Plaintiff's favor. *See Longhini v. J.U.T.A., Inc.*, No. 6:17-CV-987-ORL-40KRS, 2018 WL 1305909, at *3 (M.D. Fla. Mar. 13, 2018) (holding that an ADA plaintiff's one visit to defendant's property before filing the complaint was insufficient to establish that plaintiff was a frequent patron of the property) (citation omitted).

The third factor does not weigh in Plaintiff's favor because she has not demonstrated a definite plan to the return to the Hungry Howie's. Plaintiff states that "[s]he plans to return to the restaurant in the near future, specifically within the next few months, when she will be in the area

visiting acquaintances, availing herself of the goods and services offered to the public at the restaurant, and determining whether the property has been made ADA." (Doc. 1 ¶ 25.) She states the same about the Plaza in general. (*Id.* ¶ 9.) However, Plaintiff has failed to provide a reason why she would travel over 200 miles from her home to return to a pizza restaurant or shopping center, which distinguishes this case from *Houston*. In *Houston*, the Eleventh Circuit found that plaintiff had a concrete and realistic plan to return to a supermarket because although he lived 30.5 miles from it, he passed the supermarket on his way to and from his lawyer's office— which was less than two miles from the supermarket — and he anticipated going to his lawyer's office in the near future because of his many numerous ADA lawsuits. *Houston*,733 F.3d at 1336 (11th Cir. 2013); *see Gaylor v. N. Springs Assocs., LLLP*, 648 F. App'x 807, 809 (11th Cir. 2016) (finding standing where the plaintiff explained his intent to return to a shopping center on a specific date and detailing his reason for visiting that particular shopping center- it was located off a highway that he traveled on to visit his doctor in Georgia, and he traveled to visit his doctor at least 4-5 times a year). The Eleventh Circuit in *Houston* pointed out that different facts could lead to a different conclusion and emphasized that the plaintiff did "not live hundreds of miles away from the store with no particular reason to return," as is the case here. *Houston*,733 F.3d at 1336. During Plaintiff's next proposed visit to the Hungry Howie's and the Plaza, Plaintiff merely states that she will "avail[] herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant." (Doc. 1 ¶¶ 9, 25.) However, this is insufficient for purposes of standing. *Bowman,* No. 14-22651-CIV, 2014 WL 5341883, at *3 (finding that allegations of a desire to return "to avail herself" of goods and services and assure compliance with the ADA insufficient to constitute a "concrete and realistic plan" to return). "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our

cases require.' *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138, 119 L. Ed. 2d 351 (1992). "Plaintiff's factual allegations do not get the benefit of the doubt on factual attack, and it is her burden to establish elements of standing." *Kennedy v. Beachside Commercial Properties, LLC.*, No. 6:17-CV-1047-ORL-37GJK, 2017 WL 4243584, at *3 (citing *Lujan*, 504 U.S. at 561 and *Carmichael*, 572 F.3d at 1279). While Plaintiff has provided a timeframe for her next proposed visit, she has failed to provide a description of concrete plans, much like she failed to do in her previous case despite multiple opportunities to do so. *See Kennedy v. Beachside Commercial Properties, LLC.*, No. 6:17-CV-1047-ORL-37GJK, 2017 WL 4243584, at *3 ("Because Plaintiff has not shown reason to again traverse the 174-mile, almost three-hour drive to visit the Property, she fails to allege a 'definite' plan to return.").

Additionally, while Plaintiff mentions visiting acquaintances in the area for her next proposed trip to the Hungry Howie's and the Plaza, she does not describe the proximity of the Hungry Howie's or the Plaza to her acquaintances the way the plaintiff in *Houston* described the supermarket being less than two miles from his lawyer's office and how he passed it on his way to and from his lawyer's office. *Houston*, 733 F.3d at 1336. Furthermore, Plaintiff makes no mention of visiting acquaintances on her trips to Volusia County in the affidavit that she provided. In her affidavit, she merely states, "[w]hen I am in Volusia County, I stay in the local hotels, eat at local restaurants, and shop in the local stores." (Doc. 16-1 ¶ 10.) Based on her affidavit, Plaintiff lacks "any connection to the propert[y], *such as friends or family located nearby*." *Bowman*, No. 14-22651-CIV, 2014 WL 5341883, at *3 (emphasis added).

The last factor — plaintiff's frequency of travel near the defendant —weighs in Plaintiff's favor. In her Complaint, Plaintiff alleges that she has frequently been in Volusia County over the last year. (Doc. 1 ¶ 9.)   In her affidavit, Plaintiff states that she has been in Volusia County on at least forty-eight separate occasions from November 13, 2016 to February 25, 2018. (Doc. 16-1 ¶

10.)   While Plaintiff does not provide exact dates for these visits, the Court finds that such a large amount of visits to Volusia County establishes Plaintiff as a frequent traveler of the area around the Hungry Howie's.

Under the "totality of the facts," the Court finds Plaintiff has met her burden of establishing a threat of future injury by meeting two of the four factors in the test.

The Court now addresses the remaining elements of standing — causation and redressability. Plaintiff satisfies the causation element because she alleged that she encountered discriminatory barriers at the Hungry Howie's and her injury can be traced to those barriers. *De Palo v. Walker Ford Co.*, No. 8:15-CV-169-T-27AEP, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015). In addition, Plaintiff's injury will be redressed by a favorable decision. Plaintiff requests an injunction, ordering Defendants to make the Hungry Howie's ADA compliant.   Therefore, Plaintiff has established all three of elements of standing and Defendants' motion is due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.   Defendant Schling LLC's and Order Up II, Inc's Motion to Dismiss (Doc. 9.), filed on January 23, 2018, is **DENIED**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 8, 2018.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record